UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROZELLA WALTERS** | ) |
| | ) |
| **Plaintiff,** | ) CASE NO. |
| | ) |
| | ) **JURY TRIAL REQUESTED** |
| **v.** | ) |
| | ) |
| **ALLSTATE INSURANCE COMPANY** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **ROZELLA WALTERS** (hereinafter "Plaintiff"), who respectfully represents as follows.

### PARTIES

1.

The parties herein are:

Plaintiff **ROZELLA WALTERS,** is a natural person of the full age of majority who is domiciled in Vacherie, Louisiana; and

Made defendant herein **ALLSTATE INSURANCE COMPANY** (hereinafter "**ALLSTATE**" or "**DEFENDANT**"), a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

Upon information and belief, defendant **ALLSTATE** is an Illinois corporation with its principal place of business in Northbrook, Illinois. Upon information and belief, **ALLSTATE** is duly authorized to conduct insurance business in the State of Louisiana. Upon information and belief, **ALLSTATE**, at all material times, has conducted business within the State of Louisiana,

including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, property, or activities located in Louisiana. As such, for citizenship purposes, Defendant is a citizen of its state of incorporation, Illinois.

**JURISDICTION AND VENUE**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

Pursuant to 28 U.S.C. 1391 (b), venue is proper in the Eastern District of Louisiana, because the property that is subject of this action and where the damages were sustained occurred within the Eastern District of Louisiana.

**FACTUAL BACKGROUND**

3.

**ALLSTATE** insured the property of Plaintiff located at 1158 Old Vacherie Street, Vacherie, Louisiana 70090, under Policy No. **015455582**, which was in full force and effect on August 29, 2021.

4.

Where used herein, **ALLSTATE** refers to not only the named entity but to anyone acting for or on behalf of **ALLSTATE** in relation to the claim of Plaintiff, including the employees, contractors, adjusters and agents of **ALLSTATE** or anyone providing services to **ALLSTATE** relating to the claims of Plaintiff.

5.

Hurricane Ida struck the Gulf Coast including Vacherie, Louisiana on August 29, 2021, making landfall around 11:55 A.M. on August 29th near Port Fourchon, Louisiana as a strong

Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

6.

The above property was damaged as a result of winds associated with Hurricane Ida.

7.

On or about August 29, 2021, **ALLSTATE** was notified of the loss to the home located at 1158 Old Vacherie Street, Vacherie, LA 70090 and was provided satisfactory proof of loss when it was given full access to inspect all damages at the insured property without limitation on September 12, 2021.

8.

On or about September 27, 2021, **ALLSTATE** prepared an estimate which misrepresented the extent and nature of the damage to the home and grossly underestimated the amount needed to repair the home. On September 27, 2021, **ALLSTATE** issued an initial payment of $13,287.02.

9.

On or about May 6, 2022, Veteran Adjusters, Inc., the public adjuster retained by Plaintiff, prepared an estimate of the damages to the home. The estimate approximated damages in the amount of $48,665.66. This estimate along with objective photographs of the damages were provided to **ALLSTATE**.

10.

On June 28, 2022, Plaintiff engaged the services of Air Quality Assessors ("AQA") to perform an engineering inspection and report. Subsequently, AQA submitted an invoice in the amount of $5,000.00, which remains unpaid and is owed.

11.

On September 8, 2022, Plaintiff engaged the services of Gulf States Clean Guard ("GSCG") for mold remediation. Subsequently, GSCG submitted an invoice in the amount of $7,476.23, which remains unpaid and is owed.

12.

On September 15, 2022, Plaintiff engaged the services of Safe Pack for pack out and contents cleaning. Subsequently, Safe Pack submitted an invoice in the amount of $21,253.79, which remains unpaid and is owed.

13.

Plaintiff engaged the services of Paul Davis Restoration of Baton Rouge for water extraction and remediation. On November 7, 2022, Paul Davis Restoration of Baton Rouge submitted an invoice in the amount of $3,948.94, which remains unpaid and is owed.

14.

On October 10, 2022, Plaintiff was forced to invoke appraisal due to the disagreement regarding the damages sustained to the home. The appraisal award for COV A & COV C was $51,729.08.

15.

On March 15, 2023, Plaintiff made amicable demand upon **ALLSTATE** to no avail.

16.

To date, **ALLSTATE** has tendered a total of $36,907.25 for this claim, and all except the initial payment were made untimely. **ALLSTATE** still owes a remaining balance of $43,350.29 plus all penalties and attorneys fees.

## CLAIM FOR BREACH OF CONTRACT

17.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

18.

**ALLSTATE** undeniably owes Plaintiff the amount reflected in the satisfactory proofs of loss for covered losses to the dwelling under the above designated policy and has failed to unconditionally tender the amounts owed.

19.

**ALLSTATE** is in breach of its obligations to Plaintiff under the insurance policy by its failure to pay timely the amounts owed under the policy.

20.

In addition to amounts reflected in proofs of loss already received by **ALLSTATE**, Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

## CLAIMS FOR VIOLATIONS OF LA. R.S. § 22:1892 AND/OR §22:1973

21.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

22.

Louisiana Revised Statute § 22:1892 obligates an insurer, such as **ALLSTATE**, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable, attorney fees and costs.

23.

Louisiana Revised Statute § 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

24.

Louisiana law requires that an insurer unconditionally tender the amounts due to an insured in order to satisfy its payment obligations under the above-referenced statutes.

25.

More than thirty and sixty days have elapsed since **ALLSTATE** first received satisfactory proof of loss of all of Plaintiff's claims and **ALLSTATE** still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

26.

In addition to the amount of the loss owed, **ALLSTATE** is also liable to Plaintiff for a penalty of 50% of the amount due from **ALLSTATE**, as well as reasonable attorney's fees and costs, based on **ALLSTATE'S** failure to unconditionally tender the amounts owed to Plaintiff within thirty (30) days after receipt of satisfactory proof of loss because **ALLSTATE'S** failure to do so was arbitrary, capricious, or without probable cause.

27.

"Louisiana law also allows a plaintiff to recover for mental anguish suffered as a result of damage to property, but only in limited circumstances: (1) when property is damaged by an intentional or illegal act; (2) when property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuing nuisance; or (4) when property is damaged when the owner is either present or nearby and suffered a psychic trauma as a direct result." *In re Air Crash Disaster Near New Orleans*, La. on July 9, 1982, 764 F.2d 1084, 1087 (5th Cir. 1985). In this case, Plaintiff is able to establish and substantiate her damages for mental anguish which is the direct result of **ALLSTATE'S** breach of its duty of good faith and fair dealing.

28.

As a result of **ALLSTATE'S** failure to timely pay the amounts owed, Plaintiff has suffered and continues to suffer damages for which **ALLSTATE** is liable including but not limited to mental-anguish, aggravation, and inconvenience, for **ALLSTATE'S** misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiffs

within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

29.

In addition to actual damages for its Violation of Louisiana Revised Statue § 22:1973, **ALLSTATE** is additionally liable to Plaintiff for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

30.

**ALLSTATE** is and continues to be in violation of both Louisiana Revised Statute § 22:1892 and § 22:1973 and is liable unto Plaintiff for damages, statutory penalties, attorneys' fees, interest and costs.

**WHEREFORE**, after due proceedings hereon, Plaintiff **ROZELLA WALTERS,** prays for judgment in her favor against Defendant **ALLSTATE INSURANCE COMPANY** finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest, and costs.

**PLAINTIFF DEMANDS TRIAL STRUCK BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

*/s/ Mark G. Montiel, Jr.*

_____
MARK G. MONTIEL, JR. (#36122)
SHELBY S. TALLEY (#39050)
JACK F. GRIFFIN (#40382)
LAWSON NGUYEN (#40469)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Fax: (504) 308-0511
mmontiel@montielhodge.com
stalley@montielhodge.com
jgriffin@montielhodge.com
lnguyen@montielhodge.com
**Attorneys for Plaintiff**

**Service will be made on Defendant:**
**ALLSTATE INSURANCE COMPANY**
Through Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809